UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY WEDEMIRE, on behalf of himself, individually, and on behalf of all others similarly-situated, | **COMPLAINT** |
| Plaintiff, | **Docket No.: 18-cv-211** |
| -against- | Jury Trial Demanded |
| PARKCHESTER DEPARTMENT OF PUBLIC SAFETY LLC d/b/a PARKCHESTER DPS LLC, | |
| Defendant. | |

JEFFREY WEDEMIRE ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PARKCHESTER DEPARTMENT OF PUBLIC SAFETY LLC d/b/a PARKCHESTER DPS LLC, ("Parkchester" or "Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1. This is a civil action for damages and equitable relief based upon violations that Defendant committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 and N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2.     Defendant is a privately-owned entity that provides public safety and law enforcement services throughout the "Parkchester Community," a privately owned area comprised of at least 172 residential buildings and multiple commercial establishments, located in the Bronx, New York.  Plaintiff worked for Defendant as a patrol officer from on or about October 26, 2006 until his termination on August 7, 2017.

3.     As described below, from on or about October 27, 2014 until his termination on August 7, 2017 ("the Relevant Period"), Defendant willfully failed to pay Plaintiff, an hourly employee, all of the wages lawfully due to him under the FLSA and the NYLL.  Specifically, for the entirety of the Relevant Period, Defendant required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours each week or virtually each week by scheduling him to work a forty-hour workweek, but requiring him to report to work at least fifteen minutes earlier than his scheduled shift for a daily mandatory roll call each day and not paying him at any rate of pay for this time.  Defendant also failed to pay Plaintiff at the statutorily-required overtime rate of one and one-half times his straight-time rate on certain occasions when Plaintiff had to stay past his scheduled shift to assist other officers in completing arrests, and instead improperly compensated Plaintiff in compensatory time ("comp time") at his straight time rate for this work due to a policy of only paying overtime to the arresting officer and issuing compensatory time ("comp time") to all other officers assisting with the arrest.

4.     Defendant also failed to provide Plaintiff with accurate wage statements on each payday as the NYLL requires, as the statements that Defendant provided to Plaintiff did not reflect all of his hours worked per week, specifically the time that Plaintiff spent attending the mandatory daily roll calls.

5.     Defendant paid and treated all of its hourly patrol officers in the same manner.

6. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's willful violations of the FLSA. Plaintiff brings his claims under the NYLL and supporting regulations on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

7. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the Relevant Period and at any time thereafter who suffered damages as a result of the Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1), as the Defendant resides within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10. At all relevant times herein, Plaintiff worked for Defendant in the Bronx, New York, and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCRR.

11. At all relevant times herein, Defendant was and is a limited liability company, organized and existing under the laws of the State of New York, with a principal place of business located at 2000 East Tremont Avenue, Bronx, New York 10462, and that is registered with the New York State Department of State to receive service c/o Wold Haldenstein Adler Freeman & Herz LLP at 270 Madison Avenue, New York, New York 10016.

12. At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA and NYLL. Additionally, Defendant's qualifying annual business exceeded and exceeds $500,000, and Defendant is engaged in interstate commerce within the meaning of the FLSA as it, on a daily basis, uses goods, equipment, and other materials in the course of its business, such as computers, weapons, communication devices, uniforms, and supplies, much of which originated in states other than New York, the combination of which subjects Defendant to the overtime requirements of the FLSA as an enterprise. Additionally, all of Defendant's employees, including Plaintiff and FLSA Plaintiffs, are required, on a near daily basis, to use the internet to compile incident reports and/or search public records to communicate and coordinate policing efforts by visiting websites hosted outside of New York, which makes them individually covered under the FLSA regardless of Defendant's status as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former hourly employees of Parkchester who, during the applicable FLSA limitations period, performed any work for Defendant in the position of patrol officer, who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

14. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all relevant times, Defendant is and has been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully chose and choose not to do so.

16. Thus, all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, Defendant subjected to violations of the NYLL and the NYCRR.

18. Under FRCP 23(b)(3), Plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former hourly employees of Parkchester who, during the Relevant Period and at any time thereafter until the present, performed any work for Defendant within the State of New York in the position of patrol officer, who: (1) worked over forty hours in a workweek; and/or (2) were not provided with a wage statement on each payday that correctly listed all hours worked each week ("Rule 23 Plaintiffs").

<u>Numerosity</u>

20. During the Relevant Period and any time thereafter Defendant has, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

21. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendant required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked and work in excess of forty hours per week; (4) whether Defendant failed and fails to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a workweek; (5) whether Defendant furnished and furnishes Rule 23 Plaintiffs

6

with accurate wage statements on each payday containing the information that NYLL § 195(3) requires; (6) whether Defendant kept and maintained accurate records of hours that the Rule 23 Plaintiffs worked; (7) whether Defendant kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs for each hour worked; (8) whether Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (9) whether the Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

22.     As described in the "Background Facts" section below, Defendant employed and/or employs Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendant as hourly employees, and Defendant failed to pay them overtime pay for all hours worked in a workweek over forty, or furnish them with proper wage statements on each payday.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked over forty per week and to be furnished with accurate wage statements on each payday.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation, due to Defendant's common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendant's defenses to those claims.

<u>Adequacy</u>

23. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendant. Defendant did not pay Plaintiff overtime for all hours worked over forty hours in a week, and did not furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how Defendant paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendant's Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

<u>Superiority</u>

24. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

26. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

27. Additionally, Plaintiff's counsel has substantial experience in this field of law.

**BACKGROUND FACTS**

28. Defendant is the public safety and security agency that provides round-the-clock security and surveillance coverage throughout the Parkchester Community, a privately owned

residential community located in the Bronx, New York, comprised of at least 172 residential buildings and commercial spaces.

29. On or about October 26, 2006, Defendant hired Plaintiff to work as a patrol officer in the Parkchester Community. Plaintiff worked for Defendant in that capacity until August 7, 2017.

30. As a patrol officer, Plaintiff was responsible for patrolling the Parkchester Community, making arrests, issuing citations, and enforcing the New York State Penal Law with the same weight and authority as the New York City Police Department.

31. Throughout the Relevant Period, Defendant paid Plaintiff on an hourly basis at a straight-time rate of $23.00 in 2014, $24.00 in 2015, $25.00 in 2016, and $26.00 in 2017.

32. Throughout the Relevant Period, Defendant usually required Plaintiff to work, and Plaintiff did work, at least forty-one hours and fifteen minutes per week.

33. Specifically, throughout the Relevant Period, Defendant scheduled Plaintiff to work five days a week, from midnight to 8:00 a.m. each shift, for a total of forty hours.

34. But also throughout the Relevant Period, Defendant required Plaintiff, and all other patrol officers, to report to work at least fifteen minutes before the scheduled start time of each shift for a mandatory roll call. Thus, Plaintiff spent at least one hour and fifteen minutes at roll call each week, which brought his total hours worked per week to forty-one hours and fifteen minutes.

35. However, even though it was part of his job duties to report for the mandatory roll call, Defendant refused to pay Plaintiff for this time at any rate of pay, and further, because all of it was time worked in excess of forty hours per week, failed to pay Plaintiff at the statutorily-

required overtime rate of pay of $34.50 per hour in 2014, $36.00 per hour in 2015, $37.50 per hour in 2016, and $39 per hour in 2017.

36. By way of example only, during the week of April 16 through April 22, 2017, Defendant required Plaintiff to work, and Plaintiff did work, five days, from 11:45 p.m. to 8:00 a.m. each day. Thus, adding up the hours for this one workweek, Plaintiff worked forty-one hours and fifteen minutes, of which one hour and fifteen minutes he spent reporting for mandatory roll call. Nonetheless, Defendant paid Plaintiff for his first forty hours worked that week only and paid Plaintiff nothing for any of his time worked in excess of forty hours.

37. Additionally, throughout the Relevant Period, in the event of an arrest that required patrol officers to stay past the scheduled end of their shift and work in further excess of forty hours per week, Defendant had a policy and practice of paying only the arresting officer at his/her overtime rate, and compensating all other assisting officers with comp time at their straight hourly rate, meaning that Defendant did not actually pay its patrol officers wages for this time, but rather allowed them to take that time off in the future and be paid for it at a straight-time rate.

38. By way of example only, in or about one week in April 2017, Defendant required Plaintiff to stay, and Plaintiff did stay, an extra two hours past the scheduled end of his shift to assist a new officer in completing an arrest. During that same week, Defendant required Plaintiff to work, and Plaintiff did work, his regular scheduled shift of forty-one hours and fifteen minutes. Nonetheless, Defendant compensated Plaintiff in comp time at his straight-time rate for each hour that he spent assisting the arresting officer, and thus failed to pay Plaintiff at any rate of pay, much less his statutorily-required overtime rate of pay of $39 per hour for the time that he spent assisting with the arrest.

39. Defendant paid Plaintiff on a weekly basis.

10

40. On each occasion when it paid Plaintiff, Defendant intentionally failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week or his straight and overtime rates of pay for all hours worked.

41. Defendant treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described herein.

42. Defendant acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

43. Each hour that Plaintiff worked was for Defendant's benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime Under the FLSA*

44. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

46. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

47. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

48. Defendant willfully violated the FLSA.

49. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

50. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violation of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the NYLL and the NYCRR*

51. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

53. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

54. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

55. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

59. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

60. As described above, the Defendant, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with wage statements that accurately contained the criteria required under the NYLL.

61. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

62. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### DEMAND FOR A JURY TRIAL

63. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs, for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and NYCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendant's unlawful payment practices;

g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs and expenses, and an award of a service payment to Plaintiff;

i. Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

j. Pre-judgment and post-judgment interest, as provided by law; and

k. Granting other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
       January 10, 2018

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. (516) 248-5550
Fax. (516) 248-6027

By: _____
DONG PHUONG V. NGUYEN (DN 7326)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)