# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ERIC FITZPATRICK, on behalf of himself,
individually, and on behalf of all others similarly-
situated,

                Civil Action No. 18-cv-00211 (JGK)

          Plaintiff,

   -against-

PARKCHESTER DEPARTMENT OF PUBLIC
SAFETY LLC d/b/a PARKCHESTER DPS LLC,

          Defendant.
-----------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Defendant PARKCHESTER DEPARTMENT OF PUBLIC SAFETY LLC d/b/a PARKCHESTER DPS LLC ("Defendant"), and Plaintiff ERIC FITZPATRICK (the "Plaintiff"), individually, and on behalf of all others similarly situated (the "Putative Class") (Plaintiff and Defendant collectively, the "Parties").

### RECITALS AND BACKGROUND

WHEREAS, on January 10, 2018, a putative Rule 23 Class and FLSA Collective Action Complaint was filed against Defendant, 18-cv-00211, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law ("NYLL"), for Defendant's alleged failure to pay certain alleged pay and provide accurate wage statements; on April 20, 2018, the complaint was amended to name the Plaintiff as the Named Plaintiff (defined below) (the "Litigation");

WHEREAS, the Parties participated in a private mediation on August 12, 2019, at JAMS, with the assistance of an experienced wage and hour law mediator, at which a settlement in principle was reached;

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released FLSA Claims and Released Rule 23 Class Claims (defined below), between Plaintiff and the Class, on the one hand, and Defendant, on the other hand, including but not limited to all claims asserted in the Litigation;

WHEREAS, Defendant denied and continues to deny all of the allegations made by or on behalf of Plaintiff or Class Members in the Litigation, and denies any and all payments, including

but not limited to any unpaid overtime, liquidated damages, penalties, or attorneys' fees and costs are allegedly due to any present or former employees of Defendant with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, without acknowledging, admitting, or conceding that class and collective certification is warranted, without further acknowledging, admitting, or conceding any liability or damages whatsoever, Defendant agreed to settle the Litigation, on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, Plaintiff's Counsel analyzed and evaluated the merits of the claims made against Defendant and the impact of this Agreement on Plaintiff and Class Members of the collective and class action, and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including but not limited to the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, might result in a recovery that is less favorable and that would not occur for several years, or the ability to collect on a judgment, Plaintiff's Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiff and Class Members.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree, subject to court-approval, to a full and complete settlement of the Litigation on the following terms and conditions:

## I. DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1. **Agreement.** "Agreement" means this Settlement Agreement and Release.

2. **Authorized Claimant.** A Class Member who does not opt-out of the proposed settlement and thus becomes entitled to receive an Individual Settlement Allocation.

3. **Bar Date.** The date by which any Class Member who wishes to opt-out of the settlement must postmark and submit or caused to be received an Opt-out Statement, which date shall be no later than forty-five (45) days after the initial mailing of Notice by the Settlement Administrator.

4. **Class Counsel.** "Class Counsel" or "Plaintiff Counsel" shall mean Borrelli & Associates, P.L.L.C., 910 Franklin Avenue, Suite 200, Garden City, New York 11530.

5. **Class Members.** "Class Members" shall mean the Named Plaintiff and approximately 245 hourly, non-exempt employees employed by Defendant in New York from October 27, 2014 to December 31, 2017, who are subject to the then-applicable collective bargaining agreement between Defendant and Special Patrolman Benevolent Association Local 1, and identified on the Class List to be produced by Defendant upon the Court granting preliminary

approval of this settlement. Class Members are treated as a class for the purposes of settlement only.

6.   **Class List.** A list of all Class Members (up to approximately 245 individuals), identified by: (i) name; (ii) last known address and telephone number; (iii) dates of employment; and (iv) social security number, as that information exists on file with Defendant, that Defendant shall provide to Class Counsel and the Settlement Administrator. The Class List is to be used by Class Counsel and Settlement Administrator to effectuate settlement, and may not be used for any other purpose.

7.   **Court.** "Court" means the United States District Court for the Southern District of New York.

8.   **Days.** "Days" means business days if the specified number is less than 5, and calendar days if the specified number is 5 or greater.

9.   **Defendant's Counsel.** "Defendant's Counsel" shall mean Arthur Robb, Esq. of Clifton Budd and DeMaria LLP, The Empire State Building, 350 Fifth Avenue, 61st Floor, New York, New York 10018.

10.   **Fairness Hearing.** "Fairness Hearing" means the hearing before the Court relating to the Motion for Final Approval.

11.   **Final Approval Order.** "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement, distribution of the Settlement Checks, Service Award, and dismissal of the litigation with prejudice.

12.   **Final Effective Date.** "Final Effective Date" shall be the last of the following dates: (i) the date 30 days after the entry of an Order by this Court granting final approval of the Settlement, if there are no appeals; or (ii) if there is an appeal of this Court's decision granting final approval, the day after all appeals are finally resolved in favor of final approval.

13.   **General Released Claims.** "General Released Claims" means any and all claims, charges, complaints, liabilities, obligations, promises, agreements, damages, actions and expenses (including attorney's fees and costs) of any nature whatsoever, known or unknown, against any of the Released Parties jointly, severally or singly, both personally and in their official capacity, from the beginning of time to the Final Effective Date, including, without limitation, claims relating to employment or the termination of employment; claims based in contract, tort, constitutional, statutory or common law, and claims under any federal, state, or local statute, order, law or regulation, governing terms or conditions of employment, including but not limited to wages, benefits or discrimination in employment on the basis of any protected characteristic under the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Civil Rights Act of 1991, the Americans With Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), Genetic Information Nondiscrimination Act of 2008 ("GINA"), Uniformed Services Employment and Reemployment Rights Act ("USERRA"), the Employee Retirement Income Security Act ("ERISA") (excluding any claims for accrued, vested benefits), Consolidated Omnibus Budget

Reconciliation Act, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys' fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity.

14. **Gross Settlement Fund.** "Gross Settlement Fund" refers to $703,527.83, the amount Defendant has agreed to pay to the Settlement Administrator pursuant to this Agreement to fully resolve and satisfy any claims for attorneys' fees, expenses and costs approved by the Court, administration fees, any and all amounts to be paid to Authorized Claimants, and any Court-approved Service Award.

15. **Individual Settlement Allocation.** "Individual Settlement Allocation" shall mean the amount payable to each Authorized Claimant pursuant to Section 5 of this Agreement.

16. **Named Plaintiff.** "Named Plaintiff" refers to Eric Fitzpatrick.

17. **Net Settlement Fund.** "Net Settlement Fund" refers to the Gross Settlement Fund less approved attorneys' fees and costs, claims administration fees, and Service Awards.

18. **Notice or Notices.** "Notice" or "Notices" means the Court–approved Notices of Proposed Settlement of Class Action and Collective Action Lawsuit including but not limited to notice of an opportunity to opt-out and/or object to the proposed Settlement, attached hereto as Exhibit A.

19. **Objector.** "Objector" means an individual who properly files an objection to this Agreement, in accordance with the terms and conditions set forth herein and applicable law, and does not include any individual who opts-out of this Agreement.

20. **Opt-out Statement.** "Opt-out Statement" is a written, dated, and signed statement that an individual Class Member has decided to opt-out and not be included in this Agreement.

21. **Preliminary Approval Order.** "Preliminary Approval Order" means the Order entered by the Court: (i) preliminarily approving the terms and conditions of this Agreement and (ii) directing the manner and timing of providing Notices to the Class Members.

22. **Released Rule 23 Class Claims.** "Released Rule 23 Class Claims" means any and all claims, charges, complaints, liabilities, obligations, promises, agreements, damages, actions and expenses (including attorney's fees and costs) of any nature whatsoever, known or unknown, against any of the Released Parties jointly, severally or singly, both personally and in their official capacity, from the beginning of time to the Final Effective Date, whether at common law, pursuant to statute, ordinance or regulation, and whether arising under state, local or other applicable law--that concern or relate to minimum wage and/or overtime pay, wage payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices, failure to keep appropriate timekeeping and payroll records, which could have been alleged in the Litigation including, without limitation, any claims arising under the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190

et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing, but excluding claims under the Fair Labor Standards Act.

23.  **Released FLSA Claims.** "Released FLSA Claims" means any and all claims, charges, complaints, liabilities, obligations, promises, agreements, damages, actions and expenses (including attorney's fees and costs) of any nature whatsoever, known or unknown, against any of the Released Parties jointly, severally or singly, both personally and in their official capacity, from the beginning of time to the Final Effective Date, arising under the Fair Labor Standards Act.

24.  **Released Parties.** "Released Parties" means Parkchester DPS LLC, The Parkchester North Condominium, Parkchester South Condominium, Inc., Parkchester Preservation Management LLC, and each of their successors, assigns, parent entities and affiliated entities, and each of their respective past and present owners, governing boards (including without limitation the Boards of Managers of The Parkchester North Condominium, Parkchester South Condominium, Inc.), boards of managers, equity holders, members, unit owners, general and limited partners, directors, officers, agents, managers, employees, accountants, insurers, and attorneys.

25.  **Service Award.** In return for services rendered to the Class Members, and in exchange for his release of General Released Claims against all Released Parties, at the Fairness Hearing, Named Plaintiff will apply to the Court to receive a service award in the amount of $20,000 ("Service Award"). The Service Award will be payable from the Gross Settlement Fund.

26.  **Settlement Administrator.** The "Settlement Administrator" refers to Rust Consulting, a third party administrator, who will mail the Notices, administer the allocation, and distribute the payments of legal fees and expenses, administration fees, and Service Award. The Settlement Administrator's fees shall be paid from the Gross Settlement Fund.

27.  **Settlement Checks.** "Settlement Checks" means checks issued to Authorized Claimants for their share of the Gross Settlement Fund, and the service award issued to Named Plaintiff, calculated in accordance with this Agreement.

## II.  INITIAL PROCEDURAL ISSUES

1.  **Binding Agreement.** Subject to court-approval, this Agreement is a binding agreement and contains all material agreed-upon terms.

2.  **Retention of the Settlement Administrator.** Within five (5) days after the filing of a Motion for Preliminary Approval, Class Counsel shall retain the Settlement Administrator.

3.  **Responsibilities of Settlement Administrator.** The Settlement Administrator shall be responsible for: (i) preparing, printing and disseminating to Class Members the Class Notice; (ii) promptly and simultaneously copying counsel for all Parties on material correspondence and promptly and simultaneously notifying all counsel for the Parties of any material requests or communications made by any Party; (iii) promptly and simultaneously furnishing to counsel for the Parties copies of any requests for exclusion, objections or other written or electronic communications from Class Members which the Settlement Administrator

receives; (iv) receiving and reviewing the Opt-out Statements submitted by Class Members; (v) keeping track of requests for exclusion including but not limited to maintaining the original mailing envelope in which the request was mailed; (vi) calculating distribution amounts to Class Members; (vii) mailing the settlement checks to Authorized Claimants, and the service award check to Named Plaintiff, and attorneys' fees and costs to Class Counsel, and (viii) providing a final report detailing the results of the class mailings and settlement check execution and deposit to all counsel.

4. **Class Notice.** The Class Notice, a copy of which is attached hereto as Exhibit A, will inform Class Members about this Settlement and will also advise them of the opportunity to object to or opt-out, and/or to appear at the Fairness Hearing, either with or without counsel. Within thirty (30) days of the entry of the Preliminary Approval Order by the Court, or within thirty (30) days of receipt of Class List, whichever is later, the Settlement Administrator will mail to all Class Members, via First Class United States Mail, the Court–approved Notices of Proposed Settlement of Class Action Lawsuit and Fairness Hearing. The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom a Notice is returned by the post office as undeliverable, and shall attempt a re-mailing to any member of the Settlement Class for whom it obtains a more recent address. The Settlement Administrator shall also mail a Class Notice to any Class Member who contacts the Settlement Administrator during the time period between the initial mailing of the Class Notice and the Bar Date and requests that his/her Class Notice be re-mailed. The Settlement Administrator will notify Class Counsel and Defendant's Counsel of any Notice sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

5. **Preliminary Approval Motion.** On or before December 30, 2019, the Parties shall move for Preliminary Approval of this Agreement for purposes of resolving this matter according to the terms of the Agreement.

   a. The Preliminary Approval Motion also will seek the setting of a date for a Fairness Hearing for Final Approval of the settlement before the Court at the earliest practicable date following the Bar Date.

   b. If the Court denies Plaintiff's Motion for Preliminary Approval, the parties shall in good faith mutually work cooperatively to provide a supplement or amendment to the Court in due haste.

6. **Notice to Class Members.** Within ten (10) days of the filing of the Preliminary Approval Order, Defendant's Counsel will provide the Settlement Administrator the Class List in electronic form. All information provided regarding the Class Members will be treated as confidential information by Class Counsel and the Settlement Administrator. Said information will not be used by Class Counsel and the Settlement Administrator for any purpose other than to effectuate the terms of settlement.

7. **Class Member Opt-Outs.** Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail, via First Class United States Mail, a written, signed statement to the Settlement Administrator that states he or she is opting out of the settlement, and

6

include his or her name, address, and telephone numbers, and a statement indicating his or her intention to opt-out such as: "I opt out of the Parkchester DPS wage and hour settlement" ("Opt-out Statement"). To be effective, an Opt-out Statement must be post-marked or received by the Settlement Administrator by the Bar Date.

    a. Class Members may not opt-out of the settlement after the Bar Date.

    b. Class Counsel will file with the Clerk of Court, copies of any Opt-out Statements at the time of filing the motion for final approval, and the Claims Administrator will send a final list of all Opt-out Statements to Defendant's Counsel within three (3) days of the Bar Date.

    c. Any Class Member who opts out of the settlement will not be considered an Authorized Claimant and will not receive any Settlement Check.

    d. Any Class Member who does not submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the Settlement and the terms of this Agreement, will be bound by the Judgment in this case, and will have any Released Rule 23 Class Claims released with prejudice.

8. **Objections to Settlement.** Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be mailed to the Settlement Administrator, via First-Class United States Mail, post-marked or received by the Settlement Administrator by the Bar Date. The statement must include all reasons for the objection, and any supporting documentation. The statement must also include the name, address, and telephone numbers for the Class Member making the objection. The Settlement Administrator will stamp the date received on the original and send copies of each objection, supporting documents, as well as a copy of the Notice mailed to the Objector, to Class Counsel and Defendant's Counsel by email delivery no later than three (3) days after receipt of the objection. Class Counsel will also file the date-stamped originals of any and all objections with the Court at the time of filing the motion for final approval.

    a. An individual who files objections to the settlement ("Objector") also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections. An Objector may withdraw his or her objections at any time. Should any objector wish to appear at the Fairness Hearing through counsel, such counsel must file a notice of appearance within three (3) business days of the Bar Date.

    b. The Parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing.

9. **Fairness Hearing and Motion for Final Approval and Dismissal.** At the Fairness Hearing and in the Motion for Final Approval and Dismissal, Plaintiff will request on Consent of Defendant that the Court, among other things: (1) approve the settlement and Agreement as fair,

reasonable, adequate, and binding on all Class Members who have not timely opted out of the settlement; (2) order the Settlement Administrator to distribute Settlement Checks to the Class Members, including the Service Award, if any, to be paid to Named Plaintiff as described in this Agreement; (3) approve the payment of attorneys' fees and costs to Class Counsel and direct the Claims Administrator to pay Class Counsel in accordance with this Agreement; (4) approve the payment of fees to the Settlement Administrator; (5) order the dismissal with prejudice of all Released Rule 23 Class Claims, including but not limited to the claims of all Class Members who did not opt-out, approving the general release for the Service Award recipient, and direct the Claims Administrator to issue payment to all Authorized Claimants as well as the Named Plaintiff's Service Award, (6) order entry of Final Judgment in accordance with this Agreement; and (7) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

10. **Mailing of Settlement Checks.** Within three (3) business days after the Final Effective Date, the Settlement Administrator will make each distribution listed below in the following order. Each distribution will be made only at such time as the funds in the Settlement Administrator's escrow account are sufficient to cover the amount of that distribution, or as directed by Class Counsel from time to time.

  a. Paying the Settlement Administrator's total fees.

  b. Paying Authorized Claimants their Individual Settlement Allocations. Payments to Authorized Claimants shall be automatic and shall not require submission of any claim forms.

  c. Paying Court-approved Service Award.

  d. Paying Class Counsel's Court-approved costs.

11. **Effect of Failure to Grant Final Approval.** In the event the Court does not approve this Settlement, the Parties shall proceed as follows:

  a. The Litigation will resume unless: (1) the Parties jointly agree to seek reconsideration or appellate review of the decision denying entry of Judgment; or (2) the Parties jointly agree to attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

  b. In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement.

  c. If the Parties do not jointly agree to seek reconsideration or appellate review of the decision denying entry of Judgment and/or a mutually agreeable settlement agreement cannot be reached by the parties, the Gross Settlement Fund shall be returned to Defendant's Counsel, less administration fees of $14,971.00, within 5 days of a court order denying final approval of the settlement.

8

    d.    If the Parties jointly agree to seek reconsideration and/or appellate review of the decision denying entry of Judgment and reconsideration and/or appellate review is denied, the Gross Settlement Fund shall be returned to Defendant's Counsel, less administration fees of $14,971.00, within five (5) days of a court order denying reconsideration and/or appellate review.

    e.    If the settlement is not approved, the case will proceed as if no settlement has been attempted. In that event, Defendant retain the right to contest whether this case should be maintained as a class or collective action, to contest the merits of the claims being asserted against them in the Litigation, and to assert their defenses. Plaintiff likewise retains the right to seek certification of a collective or class action and shall have the opportunity to engage in further class and expert discovery in accordance with applicable law.

12.    **Effect of Substantial Exclusions.** If more than 20% of the Class Members comprising the Class List choose to exclude themselves in writing from participating in the class settlement described under this Agreement, then Defendant shall have the option, to be exercised within 10 calendar days of the Bar Date, of revoking this Agreement and proceeding with the case as if no settlement has been attempted. In that event, Defendant retains the right to contest whether this case should be maintained as a class or collective action, to contest the merits of the claims being asserted by Plaintiff in the Litigation, and to assert their defenses. Plaintiff likewise retain the right to seek certification of a collective or class action and shall have the opportunity to engage in further class and expert discovery in accordance with applicable law. In the event that Defendant terminates this Agreement, Defendant shall remain responsible for all administrative fees incurred, as well as all administrative fees necessary to notify the Class that the settlement has been revoked.

## III. SETTLEMENT TERMS

    1.    **Settlement Amount.**

        a.    Defendant agrees to create a "Gross Settlement Fund" in the amount of $703,527.83, which shall fully resolve and satisfy any claims for (i) attorneys' fees, expenses and costs approved by the Court, (ii) fees to the Settlement Administrator and (iii) all amounts to be paid to all Authorized Claimants for releasing claims as set forth herein, and any Court-approved Service Award.

        b.    Defendant shall fund the Gross Settlement Fund into the escrow account of the Settlement Administrator within 30 days after the Court's preliminary approval of the settlement. Defendant's payment obligation under this Agreement shall be satisfied upon receipt by the Settlement Administrator of the Gross Settlement Fund, and Defendant shall have no role, responsibility or liability concerning the distribution of funds from the Gross Settlement Fund.

    c.    Class Members will have one hundred and twenty (120) days from the date of mailing to endorse and cash their Settlement Checks (the "Acceptance Period").

    d.    Absent a showing of good cause, to be determined by the Claims Administrator, any uncashed Settlement Checks or Service Award and all amounts remaining in the Gross Settlement Fund one hundred twenty (120) days after the mailing of Settlement Checks, after payment of any unforeseen expenses, costs, fees, or liability for the class settlement, shall revert to Defendant, less any employer-side payroll taxes owed for the claims of Authorized Claimants.

    e.    In no event shall Defendant have any liability or monetary obligation under this Agreement beyond the Gross Settlement Fund, with the exception of any employer-side payroll taxes owed in excess of any amounts reverted to Defendants as set forth in III.1.d., above.

2. **Settlement Amounts Payable as Attorneys' Fees, Expenses and Costs.**

    a.    At the Fairness Hearing, Class Counsel will petition the Court for an award of attorneys' fees of 1/3 of the Gross Settlement Amount ($234,509.28) plus their incurred costs and expenses to be paid out of the Gross Settlement Fund. Defendant will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court. After payment of the approved attorneys' fees award and costs, Defendant shall have no additional liability for Class Counsel's attorneys' fees, expenses and costs.

    b.    The substance of Class Counsel's application for attorneys' fees, expenses and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees, expenses and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval.

3. **Service Award.**

    a.    In return for services rendered to the Class Members, and in exchange for his release of General Released Claims against all Released Parties, at the Fairness Hearing, Named Plaintiff will apply to the Court to receive a Service Award in the amount of Twenty Thousand Dollars ($20,000) from the Settlement Fund. Defendant will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court.

    b.    The application for Service Award is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good

faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for Service Award will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval or for Final Judgment and Dismissal.

4. **Administration Fees.**

   a. In return for services rendered to the Class Members, Class Counsel will apply to the Court for administration fees of $14,971.00.

   b. The application for administration fees is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for administration fees will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval or for Final Judgment and Dismissal. Should the Court reduce the amount to be paid to the Claims Administrator from the Gross Settlement Fund, for the Parties shall equally bear the cost of any additional compensation owed to the Claims Administrator beyond the requested administration fees of $14,971.00.

5. **Net Settlement Fund and Allocation to Class Members.**

   a. After deduction of the court-approved Service Award, as well as all fees, expenses and costs from the Gross Settlement Fund (the "Net Settlement Amount"), Individual Settlement Allocations will be computed as follows:

      i. Each Class Member shall be assigned one point for each week worked during the Class Period.

      ii. Calculate the number of points for each Class Member.

      iii. Add all points for all Class Members to obtain the "Total Denominator."

      iv. Divide the number of points for each Class Member by the Total Denominator to obtain each Class Member's allocated percentage of the Net Settlement Amount.

      v. Multiply each Participating Claimant's percentage against the Net Settlement Amount to determine the Settlement Payment for each Authorized Claimant

   b. The Settlement Allocations shall be made in accordance with the dates of employment set forth in a confidential document provided by Defendant's Counsel. Class Members are not required to submit claim forms. All Class Members that do not opt out will be mailed a settlement payment.

    c.    In the event that any Class Members raises a dispute over the dates of his/her employment, the Parties will attempt to negotiate a resolution in good faith. If the Parties are unable to do so, the Parties will submit any such dispute to Stephen Sonnenberg, Esq., for a binding decision on the dispute, with his fees/costs to resolve the dispute to be borne equally by the Parties. In the event that Mr. Sonnenberg is not available or willing to rule on the dispute, the Parties will submit their dispute to the Court for final determination.

    d.    Settlement payments to Authorized Claimants will be deemed 50% as W2 wages, 50% as 1099 non-wage income. The Service Award will be considered 1099 non-wage income. A 1099 shall be issued to Class Counsel for tax reporting purposes.

    e.    To the extent applicable, Defendant shall be responsible for any and all applicable employer tax contributions, including, but not limited to, Defendant's share of FICA and FUTA. Any such payroll taxes ordinarily borne by the employer shall be paid from the residuals on the amounts of unclaimed funds from the Settlement Amount, or if such amount is insufficient to satisfy the same, Defendant shall make separate payment to the administrator in the amounts necessary to pay all unpaid FICA and FUTA or other employer-side taxes.

    f.    The outcome of the Court's ruling on the allocation methodology set forth in paragraph 3(A) will not terminate this Agreement or otherwise affect the Parties' motions for or the Court's ruling on the Motion for Final Approval or for Final Judgment and Dismissal. In the event the Parties are unable to resolve any outstanding issues concerning the allocation methodology, the parties will discuss with mediator Stephen Sonnenberg of JAMS, who will make any additional determinations, if necessary, with his fees/costs to resolve the dispute to be borne equally by the Parties. In the event that Mr. Sonnenberg is not available or willing to rule on the dispute, the Parties will submit their dispute to the Court for final determination.

## IV. **RELEASE**

1. **Release of Claims.**

    a.    By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement each individual Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases Released Parties from Released Rule 23 Class Claims.

    b.    By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement, each individual Authorized Claimant who endorses and deposits his/her Settlement Check forever and fully releases Released Parties from all

Released FLSA Claims. The back of each check shall bear the following legend:

"By my endorsement of this check, I opt into the lawsuit S.D.N.Y. 18-cv-00211, for settlement purposes only, and release all of my claims as described in the class settlement agreement and notice."

c. Except as provided in this Agreement, upon payment of the attorneys' fees, expenses, and costs approved by the Court, Class Counsel and Named Plaintiff, on behalf of the Class Members and each individual Class Member, hereby irrevocably and unconditionally releases, acquits, and forever discharges any claim that the Class Member may have against Released Parties for attorneys' fees or costs associated with Class Counsel's representation of the Class Members. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses and costs associated with Class Counsel's representation in the Litigation.

d. Subject to applicable law, the Parties agree that it is their intent that the resolution set forth in this Agreement will release any further attempt, by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind by each and all Authorized Claimants including but not limited to participation to any extent in any class or collective action, to obtain a recovery against the Released Parties based on each and all Released FLSA Claims and Released Rule 23 Class Claims, including but not limited to the allegations in the Litigation.

e. Except as provided in this Agreement and subject to applicable law, Authorized Claimants who affirmatively cash their settlement checks agree that, with respect to the Released FLSA Claims and Released Rule 23 Class Claims, they will not affirmatively join, opt in to, or participate as a party plaintiff in any claim under the FLSA or state or local wage and hour law against the Released Parties, and that they will elect to opt out of any action under the FLSA or state or local wage and hour law against the Released Parties of which they are involuntarily made members or participants either at the time they receive notice of the right to opt out or such time as this Covenant Not to Sue is brought to their attention. Moreover, Authorized Claimants agree that they may not reinstate the Litigation.

f. By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement, Named Plaintiff Eric Fitzpatrick forever and fully releases Released Parties from all General Released Claims.

2. **Denial of Liability.** Defendant has agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendant's

business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendant, nor as an admission that a class or collective action class should be certified for any purpose other than settlement purposes.

## V. INTERPRETATION AND ENFORCEMENT

1. **Cooperation Between the Parties; Further Acts.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

2. **Confidentiality.** The Parties and Parties' Counsel agree to maintain the confidentiality of any documents produced, formally or informally, during the course of the Litigation, except for those documents that have previously been filed on the Court's docket.

3. **No Assignment.** Class Counsel and Named Plaintiff, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action, and that they are not personally aware of any individual Class Members who have done the same.

4. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

5. **Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Named Plaintiff and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

6. **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

7. **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

8. **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

9. **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

10. **Arbitration.** The Parties agree that any conflicts arising out of, or related to, the interpretation or implementation of this Agreement and of the class settlement contemplated thereby shall be referred to Stephen Sonnenberg for binding arbitration. In the event that Mr. Sonnenberg is not available or willing to rule on the dispute, the Parties will submit their dispute to the Court for final determination.

11. **Waivers, etc. to be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

12. **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its full execution and approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

13. **Binding Authority of Counsel.** Counsel hereby represent that they are fully authorized to bind the parties they represent to the terms and conditions hereof and that they have retainer agreements and/or authorizations to execute this Agreement on their behalf.

14. **Signatures.** This Agreement is valid and binding if signed by the Parties' authorized representatives.

15. **Facsimile and Email Signatures.** Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

[REST OF PAGE LEFT INTENTIONALLY BLANK]

**WE AGREE TO THESE TERMS:**

*Counsel to the Named Plaintiff,*  
*FLSA Collective Plaintiff*  
*and Class Members*

By: _[signature]_____  
Michael R. Minkoff, Esq.  
Borrelli & Associates, P.L.L.C.  
655 Third Avenue, Suite 1821  
New York, New York 10017

Date: ___January 6, 2020_____

*Counsel to Defendant*

By: _____  
Arthur Robb, Esq.  
Clifton Budd and DeMaria, LLP  
The Empire State Building  
350 Fifth Avenue, 61st Floor  
New York, New York 10018

Date: _____

*Eric Fitzpatrick, as Putative Class*  
*Representative and Named Plaintiff:*

By: _____

Date: _____

*Defendant, Parkchester DPS, LLC*

By: _[signature]_____  
Name: ___JUAN R. TORRES_____  
Title: ___CHAIRMAN DPS_____  
Date: ___1-9-2020_____

**WE AGREE TO THESE TERMS:**

*Counsel to the Named Plaintiff,*  
*FLSA Collective Plaintiff*  
*and Class Members*

By:_____  
    Michael R. Minkoff, Esq.  
    Borrelli & Associates, P.L.L.C.  
    655 Third Avenue, Suite 1821  
    New York, New York 10017

Date:_____

*Eric Fitzpatrick, as Putative Class*  
*Representative and Named Plaintiff:*

By: *[signature]*

Date: 1/3/20

*Defendant, Parkchester DPS, LLC*

By: *[signature]*  
Name: JUAN R. TORRES  
Title: CHAIRMAN DPS  
Date: 1-9-2020

*Counsel to Defendant*

By: *[signature]*  
    Arthur Robb, Esq.  
    Clifton Budd and DeMaria, LLP  
    The Empire State Building  
    350 Fifth Avenue, 61st Floor  
    New York, New York 10018

Date:_____

# EXHIBIT A

[Form of Notice]